<div style="margin-left:left">GAUDET<br>v.<br>GOURDAIN.</div>

she has acquired the right of being free at a future day, follows the condition of its mother, and becomes free at the time fixed for her enfranchisement, even if the mother should die before that time.　Civil Code, art. 196.

We are of opinion that the judgment in this case should have been for the plaintiffs, and, as all the evidence is before us, we will close the controversy.

It is therefore ordered that the judgment in this case be reversed.　It is further ordered that there be judgment in favor of the plaintiff, and that she be forever quieted in the possession, exercise, and enjoyment of her liberty, against all claims and pretensions of the defendants, the said defendant, *Jean Gourdain*, paying the costs in both courts.

---

## LEGGO et ux. *v.* THE NEW ORLEANS CANAL AND BANKING COMPANY.

A document purporting to be a copy, made in another State from a book called "Miscellaneous Record, Book E," certified under the seal of that State, of a deed under seal for certain slaves, appended to which is the oath of the subscribing witness that he witnessed the execution of the instrument, and saw the maker deliver it, where the effect of such record, under the laws of the State in which it was made, is not shown, if objected to, will be inadmissible.　The original deed, being under private signature, and presumed to be in the possession of the party unless otherwise accounted for, should have been produced; the copy offered was but the copy of a copy.

APPEAL from the District Court of Iberville, *Burk*, J.　*Bennett*, for the appellants.　*Deblieux*, for the defendants.　The judgment of the court was pronounced by

EUSTIS, C. J.　The executory proceedings against certain slaves mortgaged to the Canal Bank by the deceased mother of the plaintiff, *Esther Leggo*, were enjoined at her instance, on an allegation that the title to said slaves vested in her under a provision of the will of the late *William Scott*, who died in the State of South Carolina, and that her mother having only a life interest in them could not mortgage them to the detriment of her right, which became absolute on the death of her mother.　The district judge, being of opinion that there was a want of proof of the identity of the slaves, dissolved the injunction, and the plaintiff has appealed.

The only doubt on our minds in weighing the evidence was as to the sufficiency of the evidence of the identity of one of the slaves, which resulted from the similarity of name.

A bill of exceptions was taken to the admission of a document offered in evidence by the counsel for the plaintiff.　It purported to be a true copy from a book called *Miscellaneous Record*, *Book E*, page 186, and is certified under the seal of the State of South Carolina.　The original appears to have been a deed under seal, made by *Thomas A. Oliver*, of certain slaves to *Mrs. Mary Bostick*, with a limitation during her life and after her death to the lawful heirs of her body.　Appended is the oath of the subscribing witness, that he saw the said *Thomas A. Oliver* deliver the within instrument and witnessed the execution thereof.　The district judge refused to receive the instrument offered on the ground that, the original deed, being under private signature and

in the possession of the party unless otherwise accounted for, and the copy offered being in fact a copy of a copy, was inadmissible under the rules of law.

We think the judge did not err in refusing to admit the document in evidence, the effect of such a record not having been shown under the laws of South Carolina. There is a discrepancy in the dates, which shows the necessity of caution in the admission of pieces of evidence which the law does not recognize as authentic. The date of the record is anterior to that of the execution of the deed, the former being of the 28th of May, 1824, and the latter of December 24th, following. *Judgment affirmed.*